UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TAREK NASIR,                                      :
                                                  :
                        Plaintiff,                :
                                                  :
           -against-                              :        **SUMMARY ORDER OF REMAND**
                                                  :             19-cv-00416 (DLI) (VMS)
HD SUPPLY FACILITIES MAINTENANCE,                 :
LTD., and SUPPLY FACILITIES                       :
MAINTENANCE HD, LTD.,                             :
                                                  :
                        Defendants.               :
-------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On January 22, 2019, HD Supply Facilities Maintenance, LTD. ("Defendant") removed

this action from New York State Supreme Court, Queens County to this Court.  *See*, Notice of

Removal ("Notice"), Dkt. Entry No. 1.  For the reasons set forth below, this case is remanded to

state court *sua sponte*.

## BACKGROUND

On August 6, 2018, Tarek Nasir ("Plaintiff") filed a verified complaint in state court,

alleging a negligence claim against the Defendant and Supply Facilities Maintenance HD, LTD.

("Supply Facilities") for an alleged injury suffered by Plaintiff on October 29, 2015.  Notice,

Exhibit A.  The summons and complaint were served on both defendants on August 13, 2018 at

the office of the Secretary of State of New York.  Notice, Exhibit B.  Defendant filed its answer

on or about August 24, 2018.  Notice, Exhibit C.  Supply Facilities did not answer the complaint

or otherwise appear in this action.  Notice, at ¶ 3.  Supply Facilities was incorporated in the State

of New York on May 22, 2017.  Notice, Exhibit D.

On January 22, 2019, Defendant removed the action to this Court, invoking this Court's

diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Notice, at ¶ 8.  To date, Plaintiff has not filed

a motion for remand.  For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction.  Consequently, this case is remanded to state court for further proceedings.

## DISCUSSION

The Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff.  The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.*  The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability."  *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

As an initial matter, this Court lacks subject matter jurisdiction because there is a lack of complete diversity. Diversity jurisdiction exists when all plaintiffs are citizens of states diverse from those of all defendants.  *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).  The party asserting diversity jurisdiction has the burden to prove the same.  *Pennsylvania Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118.  "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."  *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); S*ee also,* 14A Charles A. Wright & Arthur R. Miller § 3721, at 209–10 (1990) ("[d]efendant always has the

burden of establishing that removal is proper").

A limited company, such as Supply Facilities, is treated like a corporation for purposes of establishing diversity and ". . . is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Knowyourmeme.com Network v. Nizri*, 2021 WL 3855490, at *8 (S.D.N.Y. Aug. 30, 2021), *report and recommendation adopted*, 2021 WL 4441523 (S.D.N.Y. Sept. 28, 2021) (internal quotation marks and citation omitted). Here, Supply Facilities was incorporated in New York State, and, as such, is a citizen of New York. Plaintiff also is a citizen of New York. Accordingly, there is no complete diversity among the parties.

Defendant's contention that Supply Facilities was not incorporated or even in existence at the time of the events in question and, thus, improperly joined, is unavailing. *See,* Notice, at ¶ 5. "It has long been the case that [diversity] jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citation omitted). Thus, in order to invoke diversity jurisdiction, there must be complete diversity *at the time the action was filed*. *Id.* It is clear that there was no complete diversity among the parties at the time that the complaint was filed in state court and at the time it was removed to this Court. Accordingly, remand is required.

Even if there had been complete diversity among the parties (which there is not), remand is required because Supplies Facilities never consented to the removal of the action to this Court. A party seeking to remove a case based on diversity jurisdiction shall file the notice of removal "within 30 days after the receipt by the defendant of the initial pleading or summons, whichever period is shorter." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (citing 28 U.S.C. § 1446(b)(1)) (internal quotation marks omitted). "And within that thirty-day window, *all defendants* who have been properly joined and served must join in or consent to the removal of

the action the so-called rule of unanimity." *Id.* (citing 28 U.S.C. § 1446 (b)(2)(A)) (emphasis added).   "The unanimity requirement serves the interests of [all parties, including] the courts[.]" *Id*. (citation omitted).   In *Taylor*, the issue was "whether the removal statute allow[ed] a defendant to consent to removal after the thirty-day deadline for removal lapses." *Id.*   There, the Second Circuit held that the removal statute's language is mandatory and, as such, courts cannot "carve out exceptions to the removal statute's clear directive," thereby prohibiting a defendant from filing a notice of removal without fulfilling the unanimous consent requirement. *Id*. at \*4.   Defendant's claim that Supply Facilities was joined improperly does not explain why Supplies Facilities did not consent to the removal nor does it serve as a defense to the unanimous consent requirement. Both defendants were served with the summons and complaint at the same time.   It was incumbent upon Defendant to obtain the consent of Supply Facilities before removing the case to this Court from state court.   The Second Circuit made it clear in *Taylor* that the removal statute is "a clear statutory command from Congress that all defendants must consent to removal within thirty days of service" and this Court is not at liberty to carve out an exception to those requirements. *Id. at 152.*   The failure to comply with the unanimity requirement is fatal to the removal of this action and remand is required.

## <u>CONCLUSION</u>

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 712108/2018, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
         November 17, 2021

/s/
_____
DORA L. IRIZARRY
United States District Judge

4